1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

NORTHSHORE SCHOOL DISTRICT,

CASE NO. 2:22-cv-1630

8

Plaintiff,

ORDER

9

v.

10

A.J., on behalf of minor P.J.; N.J., on behalf of minor P.J.,

11

12

Defendants.

13

A.J., on behalf of minor P.J.; N.J. on behalf of minor P.J.,

14

15

Counter Claimants,

16

v.

17

NORTHSHORE SCHOOL DISTRICT,

18

Counter Defendant.

19

## 1. INTRODUCTION

20

    This is an appeal of an administrative decision under the Individuals with

21

Disabilities Education Act ("IDEA"). Plaintiff Northshore School District ("District")

22

appeals the Findings of Fact, Conclusions of Law, and Final Order by the

23

Administrative Law Judge, alleging that it provided P.J. ("Student") a free

ORDER - 1

appropriate public education and the Student's private placement at Brock's Academy was inappropriate. Pending before the Court are several related motions regarding the record on which the Court will review this case: A.J. and N.J., P.J.'s parents ("Parents"), move to supplement the administrative record with Dr. Cindy Dupuy's declaration and accompanying exhibits, Dkt. No. 21, while the District moves to supplement with Dr. David Breiger's declaration and three email communications between Dupuy, Parents' counsel, and Brock's Academy, Dkt. No. 34. Because the motion came after the Court's deadline for evidentiary motions, the District also moved to extend the deadline for considering such motions. Dkt. No. 38.

Having reviewed the motions and supporting documents, the Court GRANTS the Parents' motion to supplement and GRANTS the District's related motions.

## 2.  BACKGROUND

The Student was a fourth and fifth grade student at Kokanee Elementary School from 2019 to 2021, the relevant period in this case. Dkt. No. 1 at ¶ 6. In 2018, the District completed an initial evaluation of the Student and determined that she was eligible for special education and related services. Dkt. No. 1 at 15. A few years later, beginning in 2021, the Student also attended Brock's Academy. Dkt. No. 1 at 46.

The Student requested a due process hearing. At a multi-day hearing in May 2022, the Parents argued the District's services fell short of providing the Student a free appropriate public education. Dkt. No. 1 at ¶ 7. In August 2022, Administrative Law Judge Paul Alig issued a Final Order. Dkt. No. 1 ¶ 8; *see also* Dkt. No. 1 at 8.

The ALJ found in the Parents' favor, and he concluded that the District failed to provide individualized education programs that were reasonably calculated to provide the Student a free and public education during 2020 to 2021. Dkt. No. 1 ¶ 14. He also directed the District to fully reimburse the Parents for the Student's placement at Brock's Academy and to obtain an Independent Educational Evaluation by a qualified private evaluator, selected by the Parents. Dkt. No. 1 at 64, 67. Dr. Cindy Dupuy completed the Student's Independent Educational Evaluation on December 5, 2022. Dkt. No. 22 ¶ 10.

The District now appeals the ALJ's Final Order. Dkt. No. 1. On top of the record of the administrative proceeding, the Parents move to supplement with either Dupuy's declaration and accompanying exhibits or Dupuy's live testimony about the adequacy of the District and Brock's Academy's programing. Dkt. No. 21 at 7. The District does not object to adding Dupuy's declaration and exhibits so long as the Court also adds Dr. David Breiger's declaration responding to Dupuy's declaration and three email communications between Dupuy, the Parents' counsel, and Brock's Academy. Dkt. No. 31 at 1-2.

## 3.  DISCUSSION

### 3.1  Standard for supplementing the administrative record.

In an appeal challenging an IDEA administrative decision, district courts consider "the records of the administrative proceedings" and "additional evidence at the request of a party[.]" 20 U.S.C. § 1415(i)(2)(C). "Thus, judicial review in IDEA cases differs substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly

ORDER - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

deferential standard of review." *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir.1993). "The court has discretion to determine the additional evidence properly considered." *D.M. v. Seattle Sch. Dist.*, 170 F. Supp. 3d 1328, 1332 (W.D. Wash. 2016). In exercising its discretion, the court must evaluate whether the proposed evidence is "relevant, non-cumulative, and otherwise admissible." *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Off. of Admin. Hearings*, 652 F.3d 999, 1006 (9th Cir. 2011). Additional evidence may include "'evidence concerning relevant events occuring subsequent to the administrative hearing[,]'" *Ojai*, 4 F.3d at 1473 (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 790–91 (1st Cir. 1984)), and evidence acquired after the hearing that sheds light on the reasonableness of a school district's actions, *E.M.*, 652 F.3d at 1004.

**3.2     The Court grants the Parents' motion to supplement the record with Dupuy's declaration, resume, professional services agreement, and evaluation.**

Dupuy met the Student after the ALJ rendered his final decision. Dkt. No. 22 ¶ 6. She entered into a professional services agreement with the District to perform the Student's Independent Educational Evaluation on October 11, 2022. *Id.* ¶ 7. As a part of this process, Dupuy examined the Student's prior assessment records. *Id.* ¶ 9. Dupuy completed a psychoeducational evaluation of the Student on December 5, 2022. *Id.* ¶ 10. She also observed the Student in school within the District on December 8, 2022, and April 20, 2023, and at Brock's Academy on December 6, 2022. *Id.* Dupuy's declaration summarizes her process and findings. *See generally*

1
2

Dkt. No. 22. She also includes a copy of her resume and professional services agreement. Dkt. Nos. 22-1 at 3-10, 12-16.

3
4
5
6
7
8
9
10
11
12

Dupuy's evidence concerns events that occurred after the hearing, specifically the Independent Educational Evaluation completed in accordance with the ALJ's Final Order. Thus, it is relevant to the main issue of this appeal—whether the District provided the Student a free, appropriate public education for the 2019-2020 and 2020-2021 school years, and whether the District should reimburse the Parents' for the cost of their private placement of the Student at Brock's Academy during the 2021-2022 school year. Dupuy's evidence is not cumulative of the evidence presented in the hearing given that it was created afterward and Dupuy was not contracted until October 2022. Finally, the District does not object to its admissibility[1] and the Court finds nothing objectionable about it.

13
14
15
16
17
18

Accordingly, the Dupuy evidence qualifies as appropriate additional evidence under the standard set by the Ninth Circuit. The Court GRANTS the Parents' motion to supplement the record with Dupuy's declaration and Exhibits A, B, and C. Dkt. Nos. 22, 22-1, 23. Because the Court accepts this evidence, it finds no reason to schedule a hearing to collect Dupuy's live testimony and DENIES the Parents' request for a hearing on this issue.

19
20
21
22
23

[1] The District does not object so long as the Court considers its responding evidence. But horse-trading on this subject does not speak to the applicable standard, and the District does not otherwise argue the evidence is irrelevant, cumulative, or inadmissible.

ORDER - 5

1

2

### 3.3   The Court grants the District's motion to extend the deadline to file evidentiary motions.

3

4

5

6

7

8

A district court may modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). As a result, "carelessness . . . offers no reason for a grant of relief." *Id.* Prejudice to the non-moving party is not required to deny a modification under Rule 16(b), but it can supply another reason. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

9

10

11

12

13

On March 30, 2023, the Honorable Judge John H. Chun set the case schedule, including a "Deadline to File any Discovery or Evidentiary Motions" on June 19, 2023. Dkt. No. 19 at 1. In doing so, Judge Chun declined to adopt the schedule proposed by the parties that set a "Deadline to File Any Motions for Additional Evidence" as July 6, 2023. Dkt. No. 18 at 1.

14

15

16

17

The District's counsel argues good cause exists because they misinterpreted Judge Chun's scheduling order because it did not use the language "Motions for Additional Evidence," so they assumed the proposed deadline of July 6, 2023, remained valid. Dkt. No. 28 at 4-5.

18

19

20

21

22

23

It's a close call whether the District has satisfied the good cause standard. On the one hand, Judge Chun's order can only be reasonably construed as setting a deadline for *all* evidentiary motions, including motions to submit additional evidence, however denominated. The District plays a tortured game of semantics arguing otherwise and demonstrates no meaningful difference between the terms

"Evidentiary Motions" and "Motions for Additional Evidence." Similarly, the idea that a proposed order that the court explicitly rejected would control on the matter is not a winning argument. And, of course, the Parents' filed a timely motion, which shows that the court's scheduling order was unambiguous.

On the other hand, there is no evidence that the District is acting with intent to deceive or unfairly delay. As soon as its mistake was discovered, the District moved quickly to see if an understanding could be reached between the parties about its request to supplement the record, and failing that, the District moved within days of the missed deadline for relief.

Given the District's diligence in trying to rectify the situation, the Court finds they acted with reasonable diligence to support a finding of good cause to modify the schedule for the purposes of considering its motion to supplement the record with additional evidence.

The Parents argue that if the Court accepts the District's rationale it will prejudice their case because the District will have "the advantage of having reviewed Parents' Motion in advance of entering its motion to supplement." Dkt. No. 32 at 8-9. Although prejudice can be used as an additional reason to deny, the primary inquiry considers the moving party's diligence. *See Johnson*, 975 F.2d at 609; *Coleman*, 232 F.3d at 1295. The Court also finds the prejudice, if any, would be minimal because the District's motion is not written in strict response to the Parents motion insofar as it does not attempt to attack or undercut their motion to supplement the record and the Court admits the Parents' additional evidence. In

1    this way, the District gained no tactical advantage by filing a late motion to

2    supplement the administrative record.

3        Accordingly, the Court GRANTS the District's motion for relief from the

4    scheduling order to consider its motion to supplement the record.

5    **3.4    The Court grants the District's motion to supplement the record.**

6        The District moves to supplement the record with the declaration of

7    Dr. David Breiger, the December 6, 2022, emails between Brock's Academy and

8    Dupuy, and Dupuy's January 2023 emails.

9
10       **3.4.1    Most of Breiger's declaration is appropriate additional
                    evidence.**

11       The Parents object to adding Breiger's declaration because he testified during

12   the administrative hearing and thus is presumed to be foreclosed from testifying at

13   trial. Dkt. No. 41 at 4 (citing *Ojai*, 4 F.3d at 1473). Although *Ojai* establishes a

14   rebuttable presumption against witnesses providing additional evidence, it permits

15   prior witnesses to add to the record when their evidence concerns relevant events

16   occuring after the administrative hearing. *See Ojai*, 4 F.3d at 1473 (affirming the

17   district court's decision to admit affidavits from two witnesses, one of whom

18   testified at the administrative hearing, because they addressed the appropriate

19   placement for the student given that nearly one year had passed since the ALJ's

20   decision). Here, Breiger's declaration follows the same pattern: it speaks to the

21   evaluation conducted by Dupuy after the hearing. Thus, Breiger is not categorically

22   excluded from offering additional evidence.

23

The District claims paragraphs one through six of Breiger's declaration summarize Breiger's prior testimony for completeness, but the Parents contend they merely repeat his prior testimony. The Court agrees with the Parents on this score and finds paragraphs one through six to be cumulative. The Court will not consider them. But this does not present cause to exclude the remaining portions.

In addition, the Parents argue the ALJ gave Breiger's opinions little weight and admitting it now would undermine the ALJ's expertise. Dkt. No. 41 at 6 (citing *Ojai*, 4 F.3d at 1473). *Ojai* cautions that in ruling on additional evidence, "a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise[.]" 4 F.3d at 1473 (quoting *Town of Burlington,* 736 F.2d at 790–91). Here, the Court is capable of reviewing Breiger's evidence and deciding what weight to give it in light of the full administrative record without undermining the agency's expertise. Thus, it is not crucial to exclude the evidence at this point.

The Parents also claim responding to Dupuy's evaluation is not a post-hearing "event" under Ninth Circuit precedent, citing *E.M.*, 652 F.3d at 1005-07. Dkt. No. 41 at 6.  But assessments conducted after the hearing are admissible. *E.M.*, 652 F.3d at 1006 (9th Cir. 2011) ("The clear implication of permitting some hindsight is that additional data, discovered late in the evaluation process, may provide significant insight into the child's condition, and the reasonableness of the school district's action, at the earlier date."). The Parents appear to argue that for evidence to be considered it must be some kind of direct evaluation resulting from meeting with a student. Although the additional evidence presented in *E.M.*

involved the results of an assessment completed by an evaluator and not a response to that assessment, it does not set this as a requirement for all additional evidence. The "district court has discretion to admit additional evidence 'concerning relevant events occurring subsequent to the administrative hearing.'" *Ojai*, 4 F.3d at 1473 (quoting *Town of Burlington*, 736 F.2d at 790–91. Breiger's declaration concerns the Student's Independent Educational Evaluation completed on December 5, 2022, which the parties agree was a relevant event occurring after the administrative hearing. *See Ojai*, 4 F.3d at 1473. Therefore, Breiger's declaration falls within the ambit of additional evidence.

Finally, the Parents argue the probative value of Breiger's declaration is outweighed by the prejudice given it was created after the District had the benefit of knowing exactly what evidence the Parents would be adding. But, as discussed above, it's unclear how this would prejudice the Parents' defense and counterclaim—the District already knew the contents of Dupuy's evaluation even if it did not have access to her accompanying declaration. As a result, the prejudice to Parents, if any, does not meet the high threshold required to outweigh the probative value of the District's response. The Court finds that Breiger's declaration is relevant, noncumulative, and otherwise admissible except for paragraphs one through six, which are duplicative of Breiger's prior testimony, so the Court will not consider them.

### 3.4.2   The Court admits two out of three emails.

The District seeks to add emails between Dupuy and staff at Brock's Academy sent on December 1 and December 6, 2022, with several educational records attached. Dkt. No. 37 at 3-13. The Parents object, arguing that these emails with the attached educational records are inadmissible because the educational records have not been interpreted by a witness. The Court agrees. The District argues the Court should admit the emails without the attachments, but the emails standing alone are not relevant to the claims at issue—they merely contain correspondence about the excluded documents and setting up a date for Dupuy's evaluation. *See* Dkt. No. 37 at 4-5. Thus, the Court DENIES the District's request to admit the December 1 and December 6, 2022, emails (Exhibit A), Dkt. No. 37 at 3-13.

Next, the District moves to add emails exchanged with Dupuy in January 2023. Dkt. No. 37 at 14-18. The Parents argue these emails are irrelevant because they reflect Dupuy's previous opinions or opinions about future education programming, not her opinions about whether the District provided the Student a free, appropriate public education and whether Brock's Academy was an appropriate placement during the 2021-2022 school year. The District argues these emails are relevant to Dupuy's credibility, and the Court agrees.

Lastly, the Parents argue the emails are not subsequent "events." But the Court finds they fall into the category of other additional evidence—after acquired evidence that could potentially shed light on the issues in dispute, specifically, Dupuy's subsequent Independent Educational Evaluation of the Student.

Accordingly, the Court admits Dupuy's email exchanges from January 2023 (Exhibits B and C). Dkt. No. 37 at 14-18.

## 4. CONCLUSION

Accordingly, the Court GRANTS the Parents' motion to supplement the record, Dkt. No. 21, and admits as additional evidence Dupuy's declaration and attached Exhibits A, B, and C, Dkt. Nos. 22, 22-1, 23. The Court GRANTS the District's motion to modify the deadline to file evidentiary motions, Dkt. No. 28, and GRANTS in part the District's motion to supplement the record, Dkt. No. 34, as follows: the Court admits Breiger's declaration, except paragraphs one through six, Dkt. No. 36, and Exhibits B and C of District counsel Sarah Johnson's declaration, Dkt. No. 37 at 1-2, 14-18, but excludes Exhibit A, Dkt. No. 37 at 3-13.

Dated this 29th day of March, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 12